HENRY NEWMAN, Respondent, *v.* HARRY GOODMAN, Appellant.

(Supreme Court, Appellate Term, First Department, June, 1920.)

**Money had and received — who cannot maintain an action for — contracts — lease — damages.**

> Where plaintiff, the purchaser in a contract for the purchase and sale of a lease held by defendant, refuses to carry out the contract, he cannot maintain an action for money had and received to recover back a payment made on account of the purchase price, but the defendant is entitled to recover his damages because of the plaintiff's default.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, eighth district, in favor of plaintiff after a trial by a judge without a jury.

Charles H. Herbst (David F. Barnett, of counsel), for appellant.

Bernard Fliashnick, for respondent.

BIJUR, J. Plaintiff sues for money had and received. The answer, apart from a general denial, consists so far as material of a counterclaim for $850. The basis of the suit was an instrument in writing reading as follows:                  *" Jan. 8th,* 1920.

" Received from Henry Newman the sum of One Thousand (1000.00) dollars, as binder on the purchase of the lease on premises #17 East 31st which I agree to sell to him for 6250.00 Six Thousand two hundred and fifty dollars.

" The balance to be paid when formal transfer of lease is made.

" Transfer of lease to be delivered by Mr. Goodman on the 12th day of January, 1920.

                         " HARRY GOODMAN."

Appellate Term, First Department, June, 1920. [Vol. 112.

A duplicate of this signed by defendant was in plaintiff's possession. Over the objection of defendant's counsel plaintiff was permitted to testify that subsequent to the execution of this paper, the lease which was not present at the time the paper was executed contained some provisions of which plaintiff and his counsel did not approve, with the result that plaintiff refused to carry out the arrangement, and now sues for the return of the $1,000. Defendant counterclaimed for loss on the bargain and incidental expenses by reason of a resale of the lease to another party at $750 less than what plaintiff had agreed to pay. In my opinion the paper signed by both parties was a complete contract of purchase and sale, and until set aside for some ground judicially cognizable, if any there be, must be enforced as it stands.

The plaintiff, having paid $1,000 on account of the $6,250 for which he had agreed to purchase the lease held by the defendant, is not entitled to recover anything, and defendant was entitled to recover such damages as he might prove by reason of plaintiff's default.

MULLAN and WAGNER, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.